### UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
### DOCKETING STATEMENT--CRIMINAL CASES

**Directions:** Counsel must make a **docketing statement (criminal)** entry in CM/ECF within 14 days of filing a notice of appeal or cross appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form and any extended answers and (2) any transcript order form. Counsel who filed the notice of appeal is responsible for filing the docketing statement even if different counsel will handle the appeal. In criminal cases, counsel who represented the defendant below must continue on appeal unless the court of appeals grants a motion to withdraw. Appellants proceeding pro se are not required to file a docketing statement. Opposing counsel may file objections to the docketing statement within 10 days of service using the ECF event-**docketing statement objection/correction**.

| | |
|---|---|
| **Appeal No. & Caption** | United States of America v. Corey Johnson, a/k/a "Cory", a/k/a O, a/k/a CO, No. 20-15 |
| **Originating No. & Caption** | United States v. Tipton, No. 3:92-cr-00068-DJN-2 (E.D. Va.) |
| **District Court & Judge** | U.S. Dist. Ct. for the E. Dist. of Va., the Hon. David J. Novak |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Date of entry of order/judgment appealed from | Nov. 19, 2020 | |
| Date this notice of appeal filed | Nov. 20, 2020 | |
| If cross appeal, date first notice of appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final order or judgment? | ◉ Yes | ◎ No |
| If appeal is not from final judgment, why is order appealable? | | |

**Transcript –  Order all necessary transcript now.  Extensions of the briefing schedule to order additional transcript are disfavored**

(Identify necessary transcript dates and state whether the transcript is on file or a copy of the transcript order is attached. ).

| | | | | |
|---|---|---|---|---|
| Trial Date(s): | Jan. 11-Feb. 16, 1993 | ◉ On Order or On File | ◯ Order Attached | ◯ Not Needed |
| Plea Date: | | ◯ On Order or On File | ◯ Order Attached | ◯ Not Needed |
| Sentence Date: | June 1, 1993 | ◉ On Order or On File | ◯ Order Attached | ◯ Not Needed |
| Other Date(s): | | ◯ On Order or On File | ◯ Order Attached | ◯ Not Needed |

| **Case Handling Requirements** (answer any that apply) | |
|---|---|
| Case number of any prior appeal in same case | No. 93-4009 |
| Case number of any pending appeal in same case | No. 20-8 |
| Identification of any case pending in this Court or Supreme Court raising similar issue | No. 20-14 (Roane); No. 20-16 (Tipton) |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. |
| Is expedited disposition necessary? | ◯ Yes          ◉ No |
| | If yes, motion to expedite must be filed. |

**Issues** (Non-binding statement of issues to raise on appeal.  Attach additional page if necessary.)

On August 19, 2020, Defendant-Appellant Corey Johnson filed a motion for reconsideration of sentence pursuant to the First Step Act of 2018.  Mr. Johnson argued that his 1993 convictions under 21 U.S.C. §§ 841, 846, & 848—including capital convictions under 21 U.S.C. § 848(e)(1)(A)—were covered offenses under the Fair Sentencing Act of 2010 and thus subject to a sentence reconsideration under the First Step Act. On November 19, 2020, the District Court found that Mr. Johnson's § 848 convictions do not constitute "covered offenses" and that Mr. Johnson is not entitled to a jury resentencing pursuant to the First Step Act. The court did find that Mr. Johnson's convictions under 21 U.S.C. § 841 are covered offenses. Mr. Johnson raises the following questions on appeal:

1. Are convictions under 21 U.S.C. § 848 "covered offenses" pursuant to the First Step Act of 2018?
2. If 21 U.S.C. § 848 is a covered offense, is jury resentencing required when Mr. Johnson is subject to a penalty for those offenses?

| Appellant's Name & Address | Counsel's Name & Address |
|---|---|
| Name: Corey Johnson<br>Address: Reg. No. 27832-054<br>Special Confinement Unit<br>United States Penitentiary<br>Terre Haute, Indiana 47802<br><br>E-Mail:<br><br>Phone: | Name: David E. Carney<br>Address: Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Ave., N.W.<br>Washington, D.C. 20005<br><br>E-Mail: david.carney@skadden.com<br><br>Phone: 202-371-7246 |

**Signature:** /s/ David E. Carney    **Date:** December 7, 2020

**Counsel for:** Appellant Corey Johnson

**Certificate of Service** *(required for parties served outside CM/ECF):* I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

3