**EXECUTION SCHEDULED FOR JANUARY 14, 2021**

No. 20-15

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff – Appellee,**

**v.**

**COREY JOHNSON, A/K/A O, A/K/A CO,**

**Defendant – Appellant.**

_____

**CAPITAL CASE**

**RESPONSE TO UNITED STATES' MOTION TO
EXPEDITE STAY LITIGATION**

_____

Donald P. Salzman
Jonathan Marcus
David E. Carney
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Appellant*

The government's motion is disingenuous to the extent it suggests in any way that Corey. Johnson has been anything but diligent in its efforts to assert his rights. As detailed in Mr. Johnson's Motion for Authorization to File Motion Pursuant to 28 U.S.C. § 2255 Raising Claim of Ineligibility to be Executed Under the Eighth Amendment, Mr. Johnson is intellectually disabled. His case involves multiple claims on different legal bases. The government appears set on rushing to an execution without stopping for a moment to understand the gravity of what is at stake here, not only for Mr. Johnson but for our justice system.

Any crisis of scheduling in this and other matters related to the execution of Mr. Johnson rests squarely at the feet of the government. Mr. Johnson has been sentenced to death for years. Nearly a decade of that time passed without the government even having an execution protocol pursuant to which to implement the sentence. The government waited nearly 16 months from July 2019, when it announced its new lethal injection protocol, to schedule Mr. Johnson's execution. *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00146, ECF No. 330 (D.D.C. Nov. 20, 2020). And, while there was a stay in Mr. Johnson's case, it prohibited only the carrying out of his execution, not the scheduling of it, a fact the government noted when it moved to lift his stay in July 2020. *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00147.

1

As described in his Emergency Motion for Stay (ECF No. 15), Mr. Johnson filed his First Step Act claim just weeks after determinations had been made in non-capital cases that 21 U.S.C. § 848 was a covered offense, and after this Court determined that sentence reconsideration included consideration of post-conviction conduct. *Davis*, 2020 WL 1131147, at *2; *Jimenez*, 2020 WL 2087748, at *2; Order, *United States v. Kelly*, No. 94-CR-163-4 (E.D. Va. June 5, 2020). The district court denied Mr. Johnson's motion on November 19, 2020, and he timely appealed. Mr. Johnson, in fact, filed a notice of appeal from the denial of his First Step Act motion before receiving notice of his execution.

The government provided its notice of execution shortly before multiple major holidays and during a pandemic, which has significantly impeded the ability to represent clients, including death-row inmates like Mr. Johnson. Pro bono counsel has been working diligently in this context, but, because the government refuses to acknowledge Mr. Johnson's clear intellectual disability, he has had to proceed, as this court's docket reflects, with multiple approaches to try to right an unconscionable wrong—the execution of someone with intellectual disability.

Based on this, Mr. Johnson proposes the following schedule:

- Under the current briefing order, the United States must respond to Mr. Johnson's stay request by noon on Monday, January 11, 2021. The government has indicated it intends to file prior to that deadline.

2

If the government does so, Mr. Johnson respectfully requests that this Court order his reply due by the current deadline for the government's pleading: noon Monday, January 11.

- Mr. Johnson intends to file his remaining stay motion today, January 8, 2021. He respectfully requests this Court order the government to respond by 5 pm Monday, January 11 and that Mr. Johnson's reply, if any, be due by 5 pm Tuesday, January 12, 2021.

Dated: January 8, 2021                Respectfully submitted,

/s/ Donald P. Salzman
Donald P. Salzman
Jonathan Marcus
David E. Carney
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Corey Johnson*

## **CERTIFICATE OF COMPLIANCE**

1.    This motion contains 559 words, excluding the parts of the brief exempted from the word count by Fed. R. App. P. Rule 27(d)(2) and Rule 32(f).

2.    This motion complies with the font, spacing, and type size requirements set forth in Fed. R. App. P. Rule 32(a)(5).

/s/ Donald P. Salzman      

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of January 2021, the foregoing document was served on all parties or their counsel of record though the CM/ECF system, which will then send notification of such filing to all parties and counsel included on the Court's Electronic Mail notice list.

/s/ Donald P. Salzman
Donald P. Salzman
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Corey Johnson*