FILED: January 14, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-15
(3:92-cr-00068-DJN-2)
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

COREY JOHNSON, a/k/a O, a/k/a CO

Defendant - Appellant

_____

No. 21-1
(3:92-cr-00068-DJN-2)
(3:20-cv-00957-DJN)
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

COREY JOHNSON, a/k/a O, a/k/a CO

Defendant - Appellant

-------------------------------

THE CONSTITUTION PROJECT AT THE PROJECT ON GOVERNMENT
OVERSIGHT

Amicus Supporting Appellant

_____

O R D E R

_____

The Court denies the petition for rehearing en banc for Case Nos. 20-15 and 21-1.

A requested poll of the Court failed to produce a majority of judges in regular active service and not disqualified who voted in favor of rehearing en banc. Judge Wilkinson, Judge Niemeyer, Judge Agee, Judge Diaz, Judge Floyd, Judge Richardson, Judge Quattlebaum, and Judge Rushing voted to deny rehearing en banc. Chief Judge Gregory, Judge Motz, Judge King, Judge Keenan, Judge Wynn, Judge Thacker, and Judge Harris voted to grant rehearing en banc.

Judge Wilkinson wrote a separate opinion concurring in the denial of rehearing en banc. Judge Wynn wrote a separate opinion dissenting from the denial of rehearing en banc.

Entered at the direction of Judge Wilkinson.

For the Court

/s/ Patricia S. Connor, Clerk

2

WILKINSON, Circuit Judge, concurring in the denial of rehearing *en banc*:

The reasons for my vote are set forth in my statement accompanying the panel's order denying the stay of execution.

WYNN, Circuit Judge, dissenting from the denial of rehearing en banc:

Corey Johnson is an **intellectually disabled death row inmate** who is scheduled to be executed later today at 6 p.m. EST. His emergency motion to stay execution was denied by a panel of this Court, and he seeks a rehearing *en banc*. Because Johnson has at least two potentially meritorious claims against his execution, I respectfully dissent from the denial of rehearing *en banc*.

In 20-15, Johnson seeks reconsideration of his death sentence under the First Step Act. He was sentenced to death for the murders he had committed in relation to crack cocaine distribution, in violation of 21 U.S.C. § 848(e). Under Fourth Circuit precedent, his convictions under § 848(e) are "covered offenses" for purposes of the First Step Act. *See, e.g.*, *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019); *United States v. Woodson*, 962 F.3d 812, 816 (4th Cir. 2020); *United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020). Therefore, Johnson is legally entitled to reconsideration of his sentence, and the sentencing judge must properly consider factors including the overwhelming evidence of his intellectual disability and his excellent prison record. The district court clearly erred in holding that he would not be entitled to a sentence reduction even if his convictions were "covered" by the First Step Act.

In 21-1, Johnson makes a compelling statutory argument that the Federal Death Penalty Act, 18 U.S.C. § 3596(c), prohibits his execution. Under § 3596(c), a death sentence "shall not be carried out upon a person who is mentally retarded." The plain text, structure, and history of the statute seem to clearly indicate Congress's intent to allow an inquiry at the time of execution. Although Johnson fell just 2 points short (77) of the IQ

4

threshold for intellectual disability (70–75) in 1993, the newly available evidence convincingly demonstrates that his old IQ score is incorrect and that he is intellectually disabled under current diagnostic standards. But no court has ever considered such evidence. If Johnson's death sentence is carried out today, **the United States will execute an intellectually disabled person**, which is unconstitutional.

In sum, Johnson should be afforded an opportunity to have his meritorious claims properly considered and to vindicate his rights. And contrary to the Government, he is not making a "last-minute" attempt to unduly delay his execution. He has timely pursued his challenges under both the First Step Act and the Federal Death Penalty Act. If anything, these emergency motions became necessary only because the Government scheduled his execution while his First Step Act claim was being litigated. Therefore, I vote to grant his petition for rehearing *en banc*.